UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH C. ZERVOS,

      Plaintiff,                        CIVIL ACTION NO. 05-CV-73246-DT

    v.                              DISTRICT JUDGE MARIANNE O. BATTANI
                                     MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.

_____/


MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment/Remand should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work providing a sit-stand option.

*   *   *

Plaintiff filed an application for Social Security disability insurance benefits on May 23, 2002, alleging that she had been disabled and unable to work since September 15, 2001, at age 52, due to fibromyalgia and chronic fatigue. Benefits were denied, initially and upon reconsideration, by the Social Security Administration (SSA). A requested <u>de novo</u> hearing was held on March 11, 2004, before Administrative Law Judge (ALJ) Henry Perez. The ALJ subsequently found that the claimant had been able to return to work as a part-time babysitter after November 2003.[1] The Law Judge determined that the claimant

_____

[1]The ALJ determined that the claimant had engaged in substantial gainful activity (SGA) after November 2003. The Law Judge based this conclusion on testimony and

was not entitled to disability benefits prior to November 2003, because she retained the ability to perform a restricted range of light work providing a sit-stand option. The Law Judge restricted the claimant from performing frequent climbing, stooping, kneeling and crawling.  He further determined that the claimant was limited to simple tasks, routine production schedules, and occasional contact with other workers. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits.  The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 54 years old at the time of the administrative hearing (TR 368).  She had been graduated from high school, and had been employed as a sales representative, cashier and dietary aide in a nursing home during the relevant past (TR 369-371, 386). As a sales clerk, Plaintiff stood for most of the workday. She constantly had to handle, grip and manipulate large and small objects. She had to lift up to 10 pounds on a regular basis (TR 91).

Claimant stopped working in September 2001, due to a flare-up of fibromyalgia that prevented her from interacting with customers and remaining on her feet for prolonged periods (TR 371). Plaintiff testified that she was extremely limited in her ability to sit, stand,

_____

earning statements provided by Plaintiff (TR 372).  Records showed that the claimant was paid about $1000.00 a month for 25 hours of work per week as a babysitter. Plaintiff argues that her representative should have been given the opportunity to obtain additional financial records to rebut this finding.  The ALJ reasonably relied upon the Plaintiff testimony and available earning records in concluding that she had been working at the SGA level since November 2003. Plaintiff has produced no evidence to the contrary to date.

walk, lift or use her hands (TR 377, 380-383). Claimant explained that hand pain caused her to drop objects (TR 382). She added that she often had to cancel appointments due to pain caused by fibromyalgia.  She had to lie down throughout the day to relieve her fatigue (TR 376-377). Plaintiff also suffered from mental depression, which caused memory and concentration problems (TR 378).  At the time of the hearing, Plaintiff was caring for a 20 month old infant three times a week for a total of 25 hours per week (TR 372). Her job responsibilities included feeding the child, changing his diapers, and preparing him for daily naps (TR 372).   The claimant explained that her employer did not require any housekeeping or cooking, and she was allowed to lie down when the baby was asleep (TR 373).

A Vocational Expert, Raymond Dulecki, classified Plaintiff's past work as light to medium, semi-skilled  activity, which imparted transferable skills (TR 386).  The witness testified that there would be no jobs that claimant could perform if her testimony were found to be fully credible[2] (TR 389). If she were capable of light work, there were numerous unskilled inspection, packaging and assembly jobs that Plaintiff could perform with minimal vocational adjustment (TR 388). These jobs provided a sit-stand option, and involved performing simple, routine tasks.  These jobs were not fast paced, and did not require much contact with co-workers (TR 387).

---

[2]The witness explained that Plaintiff's alleged inability to  deal with normal work stress and her need to lie down for prolonged periods would preclude all work activity (TR 389-390).

LAW JUDGE'S DETERMINATION

The Law Judge found that Plaintiff was impaired as a result of osteoarthritis of the back and knees, fibromyalgia and periodic mental depression, but that these impairments were not severe enough to meet the Listing of Impairments. The ALJ recognized that the claimant's joint pain precluded her from performing jobs requiring prolonged sitting, standing or walking. The ALJ further found that Plaintiff was limited to simple, routine tasks. The identified jobs were not considered to be fast paced or to require much contact with co-workers. The Law Judge determined that the claimant retained the residual functional capacity to perform a reduced range of light work, within those limitations, prior to November 2003, when she was able to return to work as a babysitter.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is

4

supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, <u>Mullen v. Bowen</u>, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); <u>Casey v. Secretary</u>, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, <u>Kinsella v. Schweiker</u>, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff contends that her joint pain and chronic fatigue were severe enough to preclude her from all work activity. The law is clear, however, that the mere existence of an impairment, even a severe one, will not entitle the claimant to disability benefits unless the impairment prevents her from returning to her previous work or any other substantial, gainful activity existing in the national economy, considering her age, education and work experience.  42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 404.1505 (2005).

<u>DISCUSSION AND ANALYSIS</u>

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of light work that did not require prolonged sitting, standing, walking or frequent postural changes. The medical evidence, as a whole, failed to provide objective support for Plaintiff's allegations of severe and totally disabling bodily pain.

The medical record during the relevant period contained little objective medical basis for crediting Plaintiff's complaints of disabling symptoms related to fibromyalgia. Despite Plaintiff's claim of severe functional limitations, a significant portion of the treatment notes found in the record between September 2001, and November 2003, document routine

2:05-cv-73246-MOB-DAS   Doc # 17   Filed 02/22/06   Pg 6 of 10   Pg ID 466

medical care for joint pain (TR 193, 203, 213, 215, 330) and periodic depression (TR 343-359).

Physical examinations during this time showed that Plaintiff was alert, ambulatory and not in any acute distress (TR 188-189, 193, 198, 201, 203, 206, 310, 328). Even though Plaintiff alleged that she was disabled as a result of severe joint pain, Dr. Parveen Qazi, a long time treating physician, reported in June 2002, that the claimant did not experience any tenderness in her wrists, elbows, shoulders, hips or knees (TR 193). Plaintiff had full and pain free trunk motion, and did not experience motor deficits in either leg (TR 191, 193).

While the subjective nature of fibromyalgia does not usually lend itself to objective medical verification, the ALJ did not rely solely on the lack of objective medical support in determining that Plaintiff was not disabled. Despite allegations that she suffered from pain radiating throughout her body, the most significant problem noted by Dr. Qazi in June 2002, was that the pain prevented her from standing or walking for extended periods (TR 193). The ALJ, however, reasonably accounted for claimant's joint pain by restricting the claimant to light work providing a sit-stand option and involving only occasional stooping, crouching, kneeling, crawling and climbing stairs (TR 24). When evaluating Plaintiff's residual physical and mental functional capacity, the Law Judge also took into consideration the opinions of state agency consulting physicians, who concluded that the claimant could perform unskilled, light work, as that term is defined by the SSA[3] (TR 132-157, 280-284). In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective

---

[3]Under the regulations, ALJs "must consider findings of State agency medical and psychological consultants," but ALJs "are not bound by any findings made by State agency medical or psychological consultants." 20 C.F.R. § 404 .1527(f)(2)(l) (2005).

6

complaints of persistent, severe, totally disabling symptoms stemming from her joint pain and periodic mental depression were not fully credible.

Plaintiff relies heavily upon the fact that her treating physician, Dr. Qazi, altered his opinion in February 2004, and found her incapable of performing gainful employment during the relevant period (TR 294-299). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). However, the opinion of the treating physician is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Since Dr. Qazi offered little objective evidence during the relevant period to support his conclusion of disability[4], his opinion need not have been given any special weight. Miller v. Secretary, 843 F.2d 221, 224 (6th Cir. 1988). Under these circumstances, the totality

---

[4]Although Drs. Qazi and Patel (a consulting psychiatrist) described Plaintiff as totally disabled, the ALJ expressly considered and rejected the opinions of both doctors. The Law Judge rejected these opinions because they were poorly documented and contrary to the medical evidence of record (TR 20-21). Significantly, the medical record documented very little treatment from Dr. Qazi, who noted in December 2003, that the claimant's joint pain had improved with conservative treatment. The doctor added that the claimant was actually feeling much better, and that her shoulder and back pain had resolved (TR 300). While Dr. Patel opined that Plaintiff had experienced four or more episodes of decompensation (TR 287), there was no medical evidence to support this assertion. The claimant has never been hospitalized for psychiatric reasons, nor has she received emergency room treatment. Furthermore, Dr. Patel stated that the claimant had no restriction of daily activities, and experienced only mild difficulties in maintaining social functioning (TR 287). Dr. Patel also noted that Plaintiff also had little difficulty maintaining, concentration, persistence and pace (TR 287). Thus, it appears that both doctors based their disability opinions primarily on the claimant's subjective complaints, rather than their own independent assessment of her condition.

of the evidence must be considered.  Landsaw v. Secretary, 803 F.2d  211, 213 (6th Cir. 1986).

Given the lack of objective clinical evidence of disability during the relevant period, the Law Judge could reasonably find that Plaintiff's chronic pain symptoms did not prevent her from performing a reduced range of light work providing a sit-stand option.  The Law Judge restricted the claimant from performing frequent climbing, stooping, kneeling and crawling.  He further determined that the claimant was limited to simple tasks, routine production schedules, and occasional contact with other workers. There was medical evidence on both sides and, having examined it, the undersigned cannot say that the Commissioner's conclusion was not supportable.   In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms were not fully credible.

It is the rare case, the exception, in which every piece of evidence points incontrovertibly toward a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that her testimony was fully credible.  However, special deference is owed to the credibility finding of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said in light of how it was said, and to consider how that testimony fit in with the rest of the medical evidence.  Such observation is invaluable and should not be discarded lightly.  Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978).  See also  Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that she could not return to her past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that she had the vocational

8

qualifications to perform alternative jobs in the economy, notwithstanding her various impairments. The Commissioner, however, met her burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with her significant impairments, the Vocational Expert testified that there were numerous unskilled inspection, packaging and assembly jobs that Plaintiff could perform with minimal vocational adjustment (TR 388). These jobs provided a sit-stand option, and involved performing simple, routine tasks.  These jobs were not fast paced, and did not require much contact with co-workers (TR 387). Given the objective clinical findings of the examining physicians, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of light work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise.  Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th

Cir. 1987), <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: February 22, 2006

---

### CERTIFICATE OF SERVICE

I hereby certify on February 22, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on February 22, 2006. **None.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217