**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DEBORAH C. ZERVOS,

       Plaintiff,                                       Case No. 05-73246
                                                                         Hon. Marianne O. Battani
v.

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

     Plaintiff Deborah C. Zervos brings this action for judicial review of the final decision of the Commissioner denying her application for disability insurance benefits pursuant to the Social Security Act. 42 U.S.C. § 405(g). The case was referred to Magistrate Judge Donald A. Scheer pursuant to 28 U.S.C. § 636(b)(1). The parties filed dispositive motions, and in his Report and Recommendation ("R&R"), Magistrate Judge Scheer recommends that Defendant's Motion for Summary Judgment be granted and Plaintiff's Motion for Remand Pursuant to Sentence Four be denied.

     Plaintiff filed Objections to the R&R, raising the following three challenges: 1) whether substantial evidence supports the Commissioner's finding that Plaintiff has the ability to meet the standing/walking requirements for light work; 2) whether the ALJ erred in finding Plaintiff's work was merely a trial work period, and whether it involved significant physical or mental activities; and 3) whether the ALJ properly evaluated the opinion of Plaintiff's treating physicians. For the reasons stated below, the Court **REJECTS** Plaintiff's

1

Objections, and **ADOPTS** the R&R in its entirety.

## I. PROCEDURAL BACKGROUND

Plaintiff filed an application for Social Security disability insurance benefits in May 2002, alleging that she had been unable to work since September 15, 2001, due to fibromyalgia and chronic fatigue. After the Social Security Administration denied benefits initially and upon reconsideration, Administrative Law Judge ("ALJ") Henry Perez held a *de novo* hearing. The ALJ found that Plaintiff was not entitled to disability benefits prior to November 2003, because she retained the ability to perform a restricted range of light work providing a sit-stand option. After the Appeals Council declined to review the decision, Plaintiff sought judicial review.

The Court incorporates the facts as articulated in the Report and Recommendation. The Court includes any specific facts upon which it relies in analyzing Plaintiff's arguments in its discussion of the objections.

## II. STANDARD OF REVIEW

A district court must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id. The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate. Flournoy

v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

Judicial review in a social security appeal is limited to determining whether there is substantial evidence supporting the administrative law judge's decision and whether the judge applied the correct legal standards in reaching that decision. Elam v. Comm's of Soc. Sec., 348 F.3d 124, 125 (6th Cir. 2003); 42 U.S.C. § 405(g). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir.1981) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). If substantial evidence supports a denial of benefits, that decision is not subject to reversal, even if the reviewing court determines that substantial evidence supports a contrary decision. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir.1983). When determining whether the decision is supported by substantial evidence, the reviewing court must take into consideration the entire record, including "whatever in the record fairly detracts from its weight." Mullen, 800 F.2d at 545 (citing Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1971)). However, the court may not review the evidence *de novo*, make determinations of credibility, or weigh the evidence. Brainard v. Sec'y of Health and Human Servs., 889 F.2d 679, 681 (6th Cir. 1989). Consequently, the substantial evidence standard accords "considerable latitude to administrative decision makers," as "[i]t presupposes that there is a zone of choice within which the decision makers can go either way, without interference by the courts." Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir.1986) (citations and internal quotations omitted).

### III. ANALYSIS

#### A. Standing/Walking Requirement

In her objections to the R&R, Plaintiff contends that the ALJ's finding of a severe impairment of osteoarthritis of the knees cannot be reconciled with his finding that the condition did not significantly limit her ability to perform basic work activities. Her position is undermined by statutory authority. The existence of even a severe impairment does not entitle a claimant to disability benefits. The impairment must prevent the claimant from returning to her previous work or any other substantial, gainful activity existing in the national economy, considering her age, education and work experience. 42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 404.1505 (2005).

She also argues that the R&R is inadequate because it contains no discussion of how she would meet the ability to stand or walk six hours of an eight hour work day. She adds that it also fails to address the sub-issue that jobs requiring a sit-stand option do not normally lend themselves to light work. Plaintiff is correct that a limitation that requires the claimant to alternate between sitting and standing, also known as a sit/stand option, may not be within the definition of sedentary work. Wages v. Secretary of Health & Human Servs., 755 F.2d 495, 498 (6th Cir. 1985). Under such circumstances, the testimony of a vocational expert is required to satisfy the Commissioner's burden of proof regarding the availability of jobs that Plaintiff can perform.

Here, the administrative record shows that the hypothetical presented to the Vocational Expert, Raymond Dulicki, addressed unskilled, light work with a sit/stand option. See Tr. at 287, 288. Consequently, the record contains substantial evidence supporting

the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of light work that did not require prolonged sitting, standing, walking or frequent postural changes.  Accordingly, the Court rejects this objection.

### 2. Accommodations

Plaintiff challenges the ALJ's finding that she performed substantial gainful activity based upon her testimony that she worked 25 hours per week caring for a child and was paid $10.00 per hour.  According to Plaintiff, this finding constitutes error because the ALJ did not rely on her actual wages and did not discuss whether the work was merely a trial work period.  Further, the ALJ did not analyze whether the work involved "significant physical or mental activities" under 20 C.F.R. 404.1572(a).

The record does not support Plaintiff's argument.  The ALJ noted the definition of substantial work activity and noted that work could be substantial even if is was done on a part-time basis.  Plaintiff submitted a copy of her 2002 W-2 form and also pay statements from November 2002 through January 2003.  He reviewed the statements and calculated Plaintiff's monthly earnings.  See Tr. at 50-75.  Plaintiff has not provided evidence to undermine the calculation.  The ALJ also considered whether work could be considered an unsuccessful work attempt.  Tr. at 18.  Finally, there is no question raised that caring for a toddler involves significant physical and mental activity.  Moreover, the ALJ addressed this factor when he observed, "[C]aring for a small child requires energy, judgment, concentration and a stable personality.  Tr. at 22.  Accordingly, the Court finds this objection lacks merit.

### 3. Treating Source Rule

Finally, Plaintiff claims that the ALJ failed to discredit Dr. Traveen Qazai's opinion regarding Plaintiff's fatigue, pain level and need for rest. See Tr. at 297-99. A similar objection is made to the ALJ's assessment of Dr. Hiten Patel's treatment of Plaintiff for psychiatric problems.

The regulations require greater weight be afforded the opinion of the treating physician than to that of a nontreating physician. See 20 C.F.R. §404.1527(d). Pursuant to 20 C.F.R. § 404.1527(d)(2), "if . . . a treating source's opinion on the issue(s) of the nature and severity of your impairments(s) is well-supported by medically acceptable clinical and laboratory diagnostic technique and is not inconsistent with the other substantial evidence in your case record, [the SSA] will give it controlling weight . . . . [and] will always give good reason in [the] notice of determination or decision for the weight give[en to] your treating source's opinion."

In this case, the ALJ did not give controlling weight to the opinion of either. The ALJ did, however, provide a satisfactory rationale for his decision.

The ALJ gave no weight to Dr. Patel's opinion that Plaintiff had experienced "four or more episodes of decompensation, each of extended duration, and that [Plaintiff] had marginal adjustment such that even a minimal increase in mental demands or change in environment would be predicted to cause the individual to decompensate." See Tr. at 19-20. The ALJ documented the basis for his rejection of this opinion. First, the progress notes undermined the assessment. Plaintiff had never been hospitalized for her mental impairment, had not required emergency room treatment, and had received only medication and outpatient counseling for her mental health problems. Id. Second, Dr. Patel never restricted Plaintiff's daily living activities and noted she suffered only mild

6

difficulties in maintaining social functions, concentration, persistence or pace.  The ALJ deemed these limitations as well as Plaintiff's work as a babysitter as inconsistent with Dr. Patel's opinion. Id.  Consequently, the ALJ was free to reject Dr. Patel's opinion.  The ALJ then credited the opinion of the state agency psychological consultant, which he was free to do under the governing regulations and case law.  See Young v. Sec'y of HHS, 925 F.2d 146, 151 (6th Cir. 1990) (under the relevant authority, the Secretary is not invariably bound by the opinion of a treating physicians--it is entitled to great weight only if it is supported by sufficient clinical findings and consistent with the evidence as a whole); Crouch v. Sec'y of HHS, 909 F.2d 852, 856 (6th Cir. 1990) (absence of significant neurologic deficits and muscle atrophy supports the conclusion that the Plaintiff's claims of totally disabling pain were not confirmed by the objective medical evidence).

  Likewise, in this case, the Magistrate Judge properly determined that the ALJ was free to rely on contemporaneous treatment notes authored by Dr. Qazi during the relevant time period and reject the opinion he offered in February 2004.  See Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997) (reviewing court decides only whether the ALJ applied the correct legal standard in reaching his decision and whether there is substantial evidence in the record to support his findings).  Significantly, just two months before rendering his opinion that Plaintiff was incapable of performing gainful employment during the relevant period, Dr. Qazi noted that Plaintiff's joint pain had improved with conservative treatment.  The doctor added that Plaintiff was not to take her medication if driving or working.  Tr. at 300 (emphasis added).  In addition, the progress notes reflect that during the relevant time period, specifically in June 2002, Plaintiff did not have tenderness in her wrists, elbows, shoulders, hips or knees.  Tr. at 193.  She had full and pain free trunk motion, and did not

experience motor deficits in either leg.  Tr. at 191, 193.  This is not a case wherein the ALJ relied solely on the lack of clinical or objective evidence of fibromyalgia, which is subjective in nature.  The only significant problem detected by her treating physician during the relevant time frame, that pain prevented her from standing or walking for extended periods, was noted in June 2002.  Tr. at 193.  That significant problem was not ignored; the ALJ restricted Plaintiff to light work "providing a sit-stand option and involving only occasional stooping, crouching, kneeling, crawling and climbing stairs."  Tr. at 24. The ALJ again properly considered the opinion of the state agency consulting physician, who concluded that the claimant could perform unskilled, light work.

In sum, the ALJ neither misstated nor ignored a treating physician's opinion.  See, e.g., Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 535 (6th Cir.2001) (refusal to even acknowledge the opinion of a treating physician was harmless error, because physician provided no objective basis for his conclusions and his opinion was contradicted by the weight of the other evidence).  The conflict in the progress notes and treatment provided afforded the ALJ the leeway to reject Dr. Qazi's opinion.  The Court finds no basis for remand in the record.

## IV. CONCLUSION

Accordingly, the Court **ADOPTS** the Magistrate Judge's recommendation and **AFFIRMS** the denial of benefits to Plaintiff.  Defendant's Motion for Summary Judgment is **GRANTED,** Plaintiff's request for remand is **DENIED**.

**IT IS SO ORDERED**.

```
                              s/Marianne O. Battani
                                MARIANNE O. BATTANI
                              UNITED STATES DISTRICT JUDGE
```

DATE: July 18, 2006

## CERTIFICATE OF SERVICE

A copy of this Order was mailed and/or electronically filed to Lewis M. Seward and James A. Brunson on this date.

```
                               s/Bernadette M. Thebolt
                                       Deputy Clerk
```